# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| MARIA ECHOLS, on behalf of herself and others similarly situated, | CIVIL ACTION FILE NO. |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| ADROIT HEALTH GROUP, LLC and MEDIAALPHA, INC., | |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Maria Echols ("Plaintiff") (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have

suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Adroit Health Group, LLC commissioned telemarketing vendors, including MediaAlpha, Inc. ("MediaAlpha"), to place telemarketing calls to Ms. Echols and other putative class members despite not having the requisite consent to contact those individuals who, like the Plaintiff, were listed on the National Do Not Call Registry.

4. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Maria Echols is a resident of Alabama and this District who was located in this District at the time of the call.

7. Defendant Adroit Health Group, LLC is a limited liability company.

8. Defendant MediaAlpha, Inc. is a corporation.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

10. This Court has jurisdiction over Adroit Health because it specifically commissioned telemarketing calls, including the calls to the Plaintiff, to be sent into Alabama to Alabama consumers, causing harm there, and it does business itself in Alabama.

11. This Court has jurisdiction over MediaAlpha because it purposefully sent telemarketing calls into Alabama to Alabama consumers, including the calls to the Plaintiff, causing harm there.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telemarketing calls at issue were sent into this District.

## TCPA BACKGROUND

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

14. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

15. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

16. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

17. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

18. Defendants Adroit Health and MediaAlpha are "persons" as the term is defined by 47 U.S.C. § 153(39).

19. At no point has the Plaintiff sought out or solicited information regarding Defendants' services prior to receiving the calls at issue.

Calls to Plaintiff

20. Ms. Echols's telephone number, (256) 709-XXXX, is a residential telephone number.

21. That number is a residential telephone line. Ms. Echols does not have a landline telephone line in her home and instead uses that number for her residential purposes.

22. It is not associated with a business and is used by Ms. Echols for personal purposes.

23. That telephone number has been listed on the National Do Not Call Registry as of April 6, 2022.

24. Despite that, Ms. Echols received a series of telemarketing calls, which she believes is more than 20 such calls, from MediaAlpha on behalf of Adroit Health.

25. Ms. Echols received such calls on May 15, 16 and 17, 2023.

26. The calls came from the same Caller ID that used (205) as a spoofed area code, which is indicative of *en masse* calling.

27. The calls came from (256) 292-0410.

28. All of the calls were made using the same telemarketing script.

29. First, the caller stated that they were calling regarding an insurance offering.

30. Then, the caller asked the recipient's age, if they had any pre-existing conditions and what their zip code was.

31. On each call, the calls were intended to offer Adroit services.

32. This was confirmed by the fact that following one of the telemarketing calls, Adroit sent a text message directly to the Plaintiff.

33. The link had an insurance application for Adroit.

34. Prior to filing this action, the Plaintiff, through counsel, contacted Adroit Health about the calls and asked for any purported permission it believed it had to contact her.

35. Adroit Health did not deny that the calling conduct took place, or that such calls were made on their behalf.

36. However, in response, Adroit Health identified Media Alpha as responsible for the calling conduct to the Plaintiff.

37. Instead, Adroit Health claimed that Ms. Echols consented to the telemarketing calls during a website visit.

38. Furthermore, Adroit Health and Media Alpha were not listed as permissible callers on the purported consent language that Adroit Health provided.

39. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by

use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## ADROIT HEALTH'S VICARIOUS LIABILITY

40. For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

41. In 2008, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations.

42. The FCC has instructed that sellers such as Adroit Health may not avoid liability by outsourcing telemarketing to third parties, such as Media Alpha:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment, limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "sellers may have thousands of 'independent' marketers,

>suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013) (footnotes and alteration marks omitted).

43. In 2013, the FCC held that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *Id.* at 6574 ¶ 1.

44. Adroit Health is liable for telemarketing calls placed by Media Alpha to generate customers for Adroit Health.

45. Adroit Health authorized Media Alpha to send telemarketing calls and transfer the call recipient directly to Adroit Health.

46. Adroit Health controls the day-to-day activities of Media Alpha's telemarketing for Adroit Health.

47. Adroit Health did not restrict Media Alpha from contacting numbers on the National Do Not Call Registry, even though it could have.

48. Adroit Health provided the specific criteria for the leads it would accept and required its vendors, including Media Alpha, to adhere to those criteria.

49. Adroit Health knew or reasonably should have known that Media Alpha was violating the TCPA on Adroit Health's behalf but Adroit Health failed to take effective steps within its power to cause them to stop.

50. Indeed, Adroit Health has previously been sued for the violative calling conduct of third parties.

51. The 2013 FCC ruling holds that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *In re DISH Network*, 28 FCC Rcd. 6592-93 ¶ 46. Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 ¶ 46.

## CLASS ACTION ALLEGATIONS

52. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

53. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23:

> **National Do Not Call Registry Class**: All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of Defendants (3) to promote Adroit

      Health services (4) within a 12-month period, (5) from four years prior to the filing of the Complaint.

Excluded from the Class are counsel, the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

54. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as she has no interests that conflict with any of the Class members.

55. Plaintiff and all members of the Class have been harmed by the acts of the Defendants, including, but not limited to, the invasion of their privacy.

56. This Class Action Complaint seeks injunctive relief and money damages.

57. The Class as defined above is identifiable through dialer records, other phone records, and phone number databases.

58. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each of the Classes.

59. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

60. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

61. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual class members because of the uniformity of the telemarketing conduct.

62. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   (a) Whether Adroit Health is vicariously liable for TLC' conduct;

   (b) whether multiple telemarketing calls were made promoting Defendants' goods or services to members of the Class;

   (c) whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

   (d) whether Defendants' conduct constitutes a violation of the TCPA; and

   (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

63. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

64. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendants and/or their agents.

65. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(c)(5), et seq. and 47 C.F.R. § 64.1200(c))**
**on behalf of the National Do Not Call Registry Class**

66. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

67. Defendant Adroit Health violated the TCPA and the Regulations by having its agent, Defendant TLC, make two or more telemarketing calls within a 12-month period to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

68. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are each entitled to an award of

up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

69. Plaintiff and National Do Not Call Registry Class members are each entitled to an award of treble damages if Defendants' actions are found to have been knowing or willful.

70. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the third parties that generate leads for Adroit Health from advertising its goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting the third parties that generate leads for Adroit Health from advertising its goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

B. As a result of Defendants' negligent, willful and/or knowing violations of 47 U.S.C. 227(c)(5), Plaintiff seeks for herself and each member of the Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Date: June 12, 2023.

Respectfully submitted,

/s/   J. Matthew Stephens             .
J. Matthew Stephens (ASB-3788-e66s)
**METHVIN, TERRELL, YANCEY, STEPHENS & MILLER, P.C.**
2201 Arlington Avenue South
Birmingham, AL  35205
Telephone:  (205) 939-0199
Facsimile:  (205) 939-0399
Email:       mstephens@mtattorneys.com

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

Adroit Health Group, LLC
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE  19808

MediaAlpha, Inc.
c/o Registered Agent Solutions, Inc.
838 Walker Road, Suite 21-2
Dover, DE  19904