FILED
2023 Jul-21 PM 01:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION**

MARIA ECHOLS, on behalf of herself and others similarly situated,

Plaintiff,

v.

ADROIT HEALTH GROUP, LLC and MEDIAALPHA, INC.,

Defendants.

Case No. 6:23-cv-00758-LSC

**DEFENDANT QUOTELAB, LLC'S ANSWER TO CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

Defendant QuoteLab LLC ("Defendant"), erroneously named in the Class Action Complaint as MediaAlpha, Inc., by and through its attorneys, by way of Answer to the Class Action Complaint filed by plaintiff Maria Echols ("Plaintiff"), states as follows:

**AS TO ALLEGATIONS ENTITLED NATURE OF ACTION**

1. This paragraph contains conclusions of law to which no response is required. To the extent the allegations in this paragraph purport to summarize or state language from statutory or regulatory sources or case law, those sources speak for themselves. Defendant denies the remaining allegations in paragraph 1.

2. This paragraph contains conclusions of law to which no response is required. To the extent the allegations in this paragraph purport to summarize or state language from statutory or regulatory sources or case law, those sources speak for themselves. Defendant denies the

remaining allegations of paragraph 2.

3. Defendant denies it engaged in any wrongdoing subjecting it to liability. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 3 and therefore denies them.

4. Defendant denies it made any phone calls that would subject it to liability in this judicial district or elsewhere. Defendant admits Plaintiff purports to bring a putative class action suit under the TCPA on behalf of a nationwide class. Defendant denies it is liable under the TCPA or that a class should be certified. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 4 and therefore denies them.

5. Defendant admits Plaintiff purports to bring this action on behalf of herself and others similarly situated. Defendant denies the remaining allegations in paragraph 5.

**AS TO ALLEGATIONS ENTITLED PARTIES**

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies them.

8. Defendant admits it is a limited liability company.

**AS TO ALLEGATIONS ENTITLED JURISDICTION AND VENUE**

9. Defendant does not dispute it is subject to subject matter jurisdiction in this Court for purposes of this litigation only.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

11. Defendant does not dispute it is subject to personal jurisdiction in this Court for purposes of this litigation only. Defendant denies the remaining allegations of paragraph 11.

12. Defendant does not dispute venue is proper in this Court for purposes of this litigation only. Defendant denies the remaining allegations of paragraph 12.

## AS TO ALLEGATIONS ENTITLED TCPA BACKGROUND

13. This paragraph contains only conclusions of law to which no response is required. To the extent the allegations in this paragraph purport to summarize or state language from statutory or regulatory sources or case law, those sources speak for themselves.

14. This paragraph contains only conclusions of law to which no response is required. To the extent the allegations in this paragraph purport to summarize or state language from statutory or regulatory sources or case law, those sources speak for themselves.

15. This paragraph contains only conclusions of law to which no response is required. To the extent the allegations in this paragraph purport to summarize or state language from statutory or regulatory sources or case law, those sources speak for themselves.

16. This paragraph contains only conclusions of law to which no response is required. To the extent the allegations in this paragraph purport to summarize or state language from statutory or regulatory sources or case law, those sources speak for themselves.

17. This paragraph contains only conclusions of law to which no response is required. To the extent the allegations in this paragraph purport to summarize or state language from statutory or regulatory sources or case law, those sources speak for themselves.

## AS TO ALLEGATIONS ENTITLED FACTUAL ALLEGATIONS

18. Whether Defendant is a "person" pursuant to 47 U.S.C. § 153(39) is a conclusion of law to which no response is required, but Defendant admits it is a limited liability company.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 18 and therefore denies them.

19. Defendant denies it engaged in any wrongdoing subjecting it to liability. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 19 and therefore denies them.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies them.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.

24. Defendant denies it engaged in any wrongdoing subjecting it to liability. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 24 and therefore denies them.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies them.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies them.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

28. Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 28 and therefore denies them.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies them.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies them.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies them.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies them.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies them.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies them.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies them.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies them.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies them.

39. Denied.

**AS TO ALLEGATIONS ENTITLED ADROIT HEALTH'S VICARIOUS LIABILITY**

40. This paragraph contains only conclusions of law to which no response is required. To the extent the allegations in this paragraph purport to summarize or state language from statutory or regulatory sources or case law, those sources speak for themselves.

41. This paragraph contains only conclusions of law to which no response is required. To the extent the allegations in this paragraph purport to summarize or state language from statutory or regulatory sources or case law, those sources speak for themselves.

42. Defendant denies it engaged in any wrongdoing subjecting it to liability. The remainder of this paragraph contains only conclusions of law to which no response is required. To the extent the allegations in this paragraph purport to summarize or state language from statutory or regulatory sources or case law, those sources speak for themselves.

43. This paragraph contains only conclusions of law to which no response is required. To the extent the allegations in this paragraph purport to summarize or state language from statutory or regulatory sources or case law, those sources speak for themselves.

44. Defendant denies it engaged in any wrongdoing subjecting it to liability. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 44 and therefore denies them.

45. Denied.

46. Denied.

47. Defendant denies the allegations of this paragraph as to itself. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 47 and therefore denies them.

48. Denied.

49. Defendant denies it engaged in any wrongdoing subjecting it to liability. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 49 and therefore denies them.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore denies them.

51. This paragraph contains only conclusions of law to which no response is required. To the extent the allegations in this paragraph purport to summarize or state language from statutory or regulatory sources or case law, those sources speak for themselves.

**AS TO ALLEGATIONS ENTITLED CLASS ACTION ALLEGATIONS**

52. Defendant incorporates its responses to the previous paragraphs as if fully set forth herein.

53. Defendant admits Plaintiff purports to bring this action individually and on behalf of others as defined in this paragraph. Defendant denies class certification of any proposed class is appropriate. Defendant denies the remaining allegations of paragraph 53.

54. Denied.

55. Denied.

56. Defendant admits Plaintiff has sought injunctive relief and money damages. Defendant denies it has engaged in any wrongdoing and that Plaintiff is entitled to any relief, including the relief sought. Defendant denies the remaining allegations of paragraph 56.

57. Denied.

58. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies them.

59. Denied.

60. Denied.

61. Denied.

62. Denied, including as to subparts.

63. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and therefore denies them.

64. Denied.

65. Denied.

**AS TO ALLEGATIONS ENTITLED FIRST CAUSE OF ACTION VIOLATION OF THE CONSUMER PROTECTION ACT (47 U.S.C. 227(c)(5), et seq. and 47 C.F.R. § 64.1200(c)) ON BEHALF OF THE DO NOT CALL REGISTRY CLASS**

66. Defendant incorporates its responses to the previous paragraphs as if fully set forth herein.

67. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore denies them.

68. Denied.

69. Denied.

70. Denied.

**AS TO PLAINTIFF'S PRAYER FOR RELIEF**

Defendant denies Plaintiff's prayer for relief in its entirety and denies all allegations in the Complaint except as expressly admitted herein.

**AFFIRMATIVE DEFENSES**

Defendant has not completed its full investigation into the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Defendant's knowledge, information, and belief at this time. By

asserting the defenses herein, Defendant has not knowingly or intentionally waived any applicable defenses and hereby expressly reserves the right to assert any additional defenses as may be appropriate. Without assuming any burden of proof not otherwise legally assigned to it as any element of Plaintiff's claims, Defendant asserts the following affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

The Complaint is barred, in whole or in part, because Plaintiff failed to exercise reasonable efforts to mitigate any alleged damages.

**SECOND AFFIRMATIVE DEFENSE**

**(Consent/Ratification)**

The Complaint is barred, in whole or in part, because Plaintiff expressly and/or impliedly consented to, had knowledge of, and/or ratified all conditions alleged to have caused harm.

**THIRD AFFIRMATIVE DEFENSE**

**(Intervening and Superseding Cause)**

The Complaint is barred, in whole or in part, because the alleged damages were caused by intervening and superseding acts, omissions, conduct, negligence, or breach of parties other than Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

**(Equitable Defenses)**

The Complaint is barred, in whole or in part, because of the doctrine of waiver, unclean hands, estoppel, laches, and/or other equitable defenses.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unconstitutionality)**

Plaintiff's claim is barred, in whole or in part, by the First, Fifth, Sixth, Eighth, and Fourteenth Amendments, and Article I, of the United States Constitution, and/or pursuant to state law.

**SIXTH AFFIRMATIVE DEFENSE**

**(Safe Harbor)**

The Complaint is barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses or statutory exemptions available under state or federal law. In particular, Defendant's actions are protected under 47 C.F.R. § 64.1200(c)(2), because Defendant's conduct meets the requirements set forth therein.

**RELIEF REQUESTED**

Defendant prays for judgment against Plaintiff as follows:

1. The Complaint be dismissed with prejudice;
2. Plaintiff takes nothing by the Complaint;
3. Judgment be entered in Defendant's favor and against Plaintiff, together with costs and fees;
4. That class certification be denied;
5. That all relief requested be denied;
6. All further relief to which Defendant is entitled at law or in equity be granted;
7. Such other relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

QuoteLab LLC hereby demands a trial by jury for all issues so triable.

DATED: July 21, 2023

*/s/ C. Meade Hartfield*

C. Meade Hartfield
Grant A. Premo
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue N
Birmingham, AL 35203
Telephone: (205) 521-8196
Facsimile: (205) 488-6196
E-mail: mhartfield@bradley.com
E-mail: gpremo@bradley.com

*Attorneys for Defendant QuoteLab, LLC*

CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, I filed a copy of the foregoing using the PACER CM/ECF system, which will provide notice to the following:

James Matthew Stephens
METHVIN, TERRELL, YANCEY, STEPHENS & MILLER, P.C.
2201 Arlington Avenue South
Birmingham, AL 35205

Anthony Paronich
PARONICH LAW, PC
350 Lincoln St., Suite 2400
Hingham, MA 02043

*Attorneys for Plaintiff Marie Echols*

and by first-class mail, postage prepaid to the following:

Jamey R. Campellone
Greenspoon Marder, LLP
200 E. Broward Blvd., Ste. 1800
Ft. Lauderdale, FL 33301

*Attorney for Defendant Adroit Health Group LLC*

*/s/ C. Meade Hartfield*
OF COUNSEL